IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAWN STACY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIV. ACT. NO. 1:21-cv-511-TFM-MU |
| | ) |
| RELIANCE STANDARD LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is *Plaintiff's Motion to Remand and/or Motion for Judicial Estoppel* (Doc. 7, filed 12/8/21). Plaintiff moves the Court to remand this matter back to state court or, in the alternative, judicially estop Defendant from applying a disability retirement offset in the benefit calculations at issue. After careful consideration of the motion, response, reply, and relevant law, the Court **GRANTS** the motion for remand (Doc. 7). The motion for judicial estoppel remains for resolution by the state circuit court.

**I.     PROCEDURAL BACKGROUND**

This matter was originally filed in the Circuit Court of Mobile County, Alabama on October 25, 2021. Doc. 1-1 at 4. In the Complaint, Plaintiff Dawn Stacy ("Stacy") brings claims of breach of contract and bad faith against Defendant Reliance Standard Life Insurance Company ("Reliance"). *Id.* On November 29, 2021, Reliance timely removed this matter to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Doc. 1 at 1. On December 3, 2021, Reliance filed its Answer. Doc. 5.

On December 8, 2021, Stacy filed the instant motion to remand with an alternative request for judicial estoppel, and the Court ordered Reliance to show cause why this matter should not be

remanded to the state circuit court. Docs. 7-8. Reliance filed its response to the Court's show cause order and Stacy filed her reply. Docs. 11-12. The Court finds oral argument is unnecessary and the motion is fully briefed and ripe for review.

## II.     STANDARD OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1721, 135 L. Ed. 2d 1 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The removing party has the burden of establishing federal jurisdiction. *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted).

## III.     DISCUSSION AND ANALYSIS

"Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount [of] $75,000." *Williams*, 269 F.3d at 1319 (citing 28 U.S.C. § 1332(a)). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) (citing *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1332 (11th Cir. 1998)); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6, 127 S. Ct. 1397, 1409 n.6, 167 L. Ed. 2d (2007) ("It is true that, when a defendant removes a case to federal court based on the presence

of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."); *Poore v. Am.-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000) ("[E]vents occurring after removal . . . do not oust the district court's jurisdiction."). Significantly, this means the Court may not consider damages accrued after removal. *See Burns*, 31 F.3d at 1097.

The parties agree that diversity of citizenship exists. Doc. 11 at 2; Doc. 7 at 6. The Court agrees. Therefore, remand turns on whether the amount in controversy has been met. *See Williams*, 269 F.3d at 1319.

The Complaint does not state a specific monetary demand for compensatory and punitive damages. Doc. 1-1 at 19, 22. Where a plaintiff does not state a specific monetary demand, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement" of $75,000. *Williams*, 269 F.3d at 1319. "A removing defendant may rely on its own affidavits, declarations, or other documentation to establish the amount in controversy." *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1241 (11th Cir. 2013) (per curiam) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010)). To determine the amount in controversy, the Court is permitted:

> [T]o make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a complaint is removable. Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount. Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets the federal jurisdictional requirements.

*Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (internal quotation marks and citations omitted). However, "without facts or specific allegations, the amount in controversy" can be determined "only through speculation—and that is impermissible." *Pretka*, 608 F.3d at 753-54 (citing *Lower v. Ala. Power Co.*, 483 F.3d 1184, 1209 (11th Cir. 2007)).

To meet its burden to prove the amount in controversy, Reliance levies several arguments, focusing on both a $120,000 settlement demand made on September 23, 2021, and their calculations of Stacy's claimed benefits at $37,048.01. Doc. 1 ¶¶ 16-18. The Court will address each in turn.

Reliance points to Stacy's September 23 demand for $120,000 as evidence that the amount in controversy has been met. *Id.* The settlement offer states:

> In litigation only past due benefits may be sought, however, mental anguish damages and punitive damages will also be sought. The amount at stake in litigation is likely to be $70,000 inclusive of all damages, although that amount will rise the longer the litigation stays pending. Mental anguish and punitive damages will be exponentially increased as time progresses.

Doc. 1-4 at 14. Reliance alleges that this acknowledges that the amount in controversy at the time of the settlement demand was $70,000, and because it was rising "exponentially[,]" the amount reached $75,000 by removal on November 29, two months later. Doc. 11 at 12.

However, the letter also states on the same page, and Reliance notes, that "[i]nterest, together with past due benefits totals $11,943.30. Future benefits reduced to present value using a factor of 3% are $72,863.65." *Id.*; Doc. 1-4 at 14. Elsewhere, the letter states that the amount at stake for the short-term disability claim is $16,105.37, exclusive of mental anguish and punitive damages. *Id.* at 9. Taken together, this would suggest that the amount at stake totaled, at that moment, $28,048.67. Doc. 11 at 12. Moreover, Stacy points out that the $70,000 demanded referred to the expense of "<u>future litigation</u>" and was couched by the language that the amount was only "<u>likely</u> to be $70,000[.]" Doc. 12 at 17 (emphasis in original).

"[S]ettlement offers that provide specific information to support the plaintiff's claim for damages . . . are entitled to more weight" than vague offers characterized more by "puffing and posturing[.]" *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala.

2009). Although this offer provides specific information detailing Stacy's calculations, this information does not support removal. Reliance's arguments require speculation not only as to the amount accrued since the settlement demand, but also as to which of Stacy's figures to credit. Accordingly, the Court finds that Reliance has not met its burden of proving that the amount in controversy was satisfied at the time of removal despite pointing to the settlement offer.

Second, Reliance argues that Stacy is seeking $37,048.01 in past-due benefits, relying on an affidavit by Zeke Cuny, an employee of Reliance who calculated Stacy's benefits. Doc. 1-2; Doc. 1 ¶ 16. Reliance asserts that Stacy must be claiming at least $37,952 ($75,000 minus the past-due benefits) in mental anguish and punitive damages. *Id.* ¶ 18. Reliance further argues a greater amount is likely because "a 1:1 ratio on both mental anguish and punitive damages to the benefit amount of $37,048.01 . . . would be $111,144.03[.]" *Id.* In essence, Reliance asks the Court to apply a multiplier to the compensatory damages claim. In support, Reliance cites *Blackwell v. Great American Financial Resources, Inc.*, in which that court more than doubled the claimed compensatory damages to reach the amount in controversy.[1] 620 F. Supp. 2d 1289, 1291 (N.D. Ala. 2009).

This Court agrees with the court in *Mustafa v. Market Street Mortgage Corp.*, which found *Blackwell* unpersuasive. 840 F. Supp. 2d 1287, 1291-92 (M.D. Ala. 2012).

> [A]pplying a single digit multiplier sufficiently high enough to satisfy the amount-in-controversy requirement, without more, assumes away the removing party's burden to prove the propriety of removal by a preponderance of the evidence. Second, it also ignores the Eleventh Circuit's command in *Lowery v. Alabama Power Company* to look at the facts supporting a damages assertion, because "the existence of jurisdiction should not be divined by the stars." Woodenly applying a single digit multiple of the compensatory damages claimed, without a non-speculative reason to believe the jury would come back with such an award, violates

---

[1] The claimed compensatory damages were $23,172.28 against a $50,000 amount in controversy requirement.

*Lowery's* explicit commands . . . [U]sing a multiplier, without more, would trigger grave federalism concerns[.]

*Id.* (internal citations omitted). Here, Reliance has not provided a "non-speculative reason to believe the jury would come back with . . . an award" that would more than *double* Stacy's $37,048.01 in past-due benefits that Reliance proposes. *Id.*, Doc. 1 ¶ 16. Consequently, Reliance has not met its burden of proof. *Leonard*, 279 F.3d at 972.

Since the Court has found that it does not have jurisdiction, it cannot address Plaintiff's judicial estoppel argument which, though an alternative request, will remain for resolution by the state court.

## IV.   CONCLUSION

Accordingly, based on the foregoing analysis, Plaintiff Dawn Stacy's motion to remand (Doc. 7) is **GRANTED** and this matter is **REMANDED** to the Circuit Court of Mobile County, Alabama. The Clerk of Court is **DIRECTED** to take the appropriate steps to effectuate the remand.

**DONE** and **ORDERED** this the 29th day of July 2022.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE